UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,  )
No. 04053-164  )
Federal Correctional Institution )
Box 4000  )
Manchester, Kentucky  40962,  )
  )  Case: 1:07-cv-01932
     Plaintiff,  )  Assigned To : Kollar-Kotelly, Colleen
  v  )  Assign. Date : 10/25/2007
  )  Description: FOIA/Privacy Act
UNITED STATES PAROLE COMMISSION, )
5550 Friendship Blvd  )  FOIA SUIT
Chevy Chase, Maryland  20815,  )
  )
     Defendant.  )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

   NOW COMES, Plaintiff, MICHAEL C. ANTONELLI, Pro Se, and respectfully states, alleges and claims the following :

### Plaintiff

   Plaintiff, MICHAEL ANTONELLI, is a federal prisoner housed at the Federal Correctional Institution in Manchester, Kentucky.  Plaintiff is a citizen of the United States and a legal resident of Lemont, Illinois.

### Defendant

   Defendant, UNITED STATES PAROLE COMMISSION, is a federal "agency" subject to the rules and regulations of the Freedom of Information Act (Hereinafter "FOIA"), 5 USC Section 552.

### Jurisdiction

   This Court has jurisdiction to entertain this complaint pursuant to the FOIA, 5 USC Section 552.

### Venue

   Venue properly lies in the District of Columbia.

### COUNT I

1.   By letter dated August 17, 2006, plaintiff requested a copy of all records that the Defendant, UNITED STATES PAROLE COMMISSION (Hereinafter "USPC") has or had in its possession since September 15, 1978 that are in any way connected to his name.
2.   By letter dated August 24, 2006, plaintiff requested a copy of the PAROLE REVOCATION PACKET and/or the PAROLE MINI FILE, in connection to the upcoming parole violator hearing.
3.   By letter dated September 14, 2006, the USPC stated that it has received and may be unable to process his request within the statutory time requirement.

-1-

RECEIVED
OCT - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

4. By letter to the USPC dated November 6, 2006, the plaintiff appealed under the FOIA/PA the violations of the statutory time limits by the USPC as to the requests of 8/17/06 and 8/24/06.

5. By letter to the USPC dated December 15, 2006, the plaintiff appealed a December 5, 2006 release of certain records to him and the arbitrary and capricious use of certain exemptions cited by the USPC to withheld records.

6. By letter dated January 29, 2007, the USPC affirmed the use of the exemptions by USPC in regards to the December 5, 2006 release of records.

7. By letter dated February 17, 2007 the plaintiff again appealed to the USPC stating he wanted a copy of everything in connection to his name including all parole hearing tapes, everything he submitted, and everything the USPC has already sent him. He notified the USPC that all his records were lost by the BOP in transfer. He also notified the USPC that he has an urgent need because his parole hearing is set for April 26, 2007.

8. Again the USPC advised plaintiff it had a backlog of requests and the USPC may be unable to process his request within the statutory time requirement.

9. Plaintiff again appealed to USPC on March 10, 2007 complaining that the USPC was unreasonably delaying the processing of his requests and notifying the USPC that he has an urgent need for the records because his parole hearing was set for 4/26/07.

10. By letter dated March 11, 2007 the plaintiff again notified the USPC that he had lost all his FOIA material previously sent him in transit to USP Big Sandy. He expressed a need for the material at once and that it was urgent because he faced a PAROLE REVOCATION HEARING on April 26, 2007 and he needed the records to defend against revocation. Plaintiff requested a copy of EVERYTHING. He agreed to pay the fees incurred.

11. By letter dated March 27, 2007 the USPC requesting he agree to pay fees in excess of $25.00 or his request will not be processed.

12. By letter to USPC dated March 29, 2007, plaintiff again agreed to pay the fees incurred.

13. By letter dated April 23, 2007 the USPC then requested a deposit of $250 in order to begin the processing of his request.

14. By letter dated April 26, 2007 the plaintiff mailed a check in the amount of $250 to the USPC for the deposit required to continue processing his request. Plaintiff asked again that his request be expedited because his hearing was now scheduled the week of May 7, 2007.

15. By letter dated May 16, 2007 the USPC denied plaintiff's request to expedite.

16. The USPC has not yet to this day mailed plaintiff even an iota of records after his having paid the requisite $250 deposit.

17. The USPC is in gross derrogation of the FOIA statutory time limits within which to process his request.

18. The USPC deletions and withholdings and use of the exemptions cited was arbitrary and capricious action by the USPC.

19. Plaintiff is entitled to access to the requested records and there is no legal basis for the denial of same to him.
20. Certain unknown employees of the USPC have intentionally procrastinated and deliberately refused to release the records the plaintiff needed in order to adequately defend against the parole violator warrant at his Parole Revocation Hearing of May 21, 2007.
21. Judicial review of the action/inaction of the USPC is proper.
22. Plaintiff asks that this Court expedite these proceeedings.

COUNT II

1. By letter dated July 13, 2007 plaintiff requested from the USPC a copy of all records in any way connected to his parole hearing conducted on May 21, 2007 including a copy of the parole hearing tape recording and any records in any way connected to the decision to continue him to the expiration of his sentence and used to determine his salient factor score. Plaintiff asked that the request be expedited because he needed the information to adequately prepare an appeal.
2. The USPC then advised plaintiff by letter of July 19, 2007 that there was a backlog of requests and the USPC may not be able to process his request within the statutory time requirement.
3. On July 19, 2007 plaintiff's counsel also requested an up-date for all disclosable documents, letters, tapes and other material placed in the file of plaintiff since the date of the last disclosure.
4. By letter dated August 16, 2007 plaintiff notified the USPC to bifurcate the releases of records, explaining that the comprehensive request which is the basis of Count I of this complaint be sent to the plaintiff, and that the July 13, 2007 request be processed and sent to the counsel, Cecil C. McCall in Dayton, Tennessee.
5. To date, the USPC has not sent a scintilla of information to either the plaintiff or his counsel.
6. The USPC is in gross derrogation to the FOIA statutory time limits within which to process his requests.
7. Some employee of the USPC is intentionally and deliberately refusing to release these records to plaintiff or his counsel.
8. Plaintiff has a right to receive access to the requested material and there is no justification for the denial of same to this plaintiff or his noble counsel.
9. Judicial Review of the USPC action/inaction is proper.
10. Plaintiff asks that this Court expedite these proceedings.

WHEREFORE, Plaintiff prays for the following relief as to both counts:

1
That this Court expedite these proceedings;

2
That plaintiff be granted declaratory relief in that the USPC be declared in gross violation of the FOIA:

3
That the action/inaction of USPC be ruled arbitrary & capricious withholdings of information from plaintiff;

4
That plaintiff be allowed civil discovery to feret out the employee of the USPC who is intentionally and deliberately denying him access to the reqords he needs in order to adequately defend against the parole violation and all appeals;

5
That upon finding any employee of USPC intentionally or deliberately denied plaintiff access to these records, that this Court sanction that or those employees of USPC found responsible for such untoward conduct;

6
That plaintiff be granted immediate access to all the records requested and his counsel be granted same access, at once;

7
Any further relief this Court deems just and proper.

Respectfully Submitted this 30TH day of September, 2007.

By _____
MICHAEL C. ANTONELLI, Pro Se
No. 04053-164
Federal Correctional Institution
Box 4000
Manchester, Kentucky  40962

-4-

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MICHAEL C. ANTONELLI | USPC |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888 (EXCEPT IN U.S. PLAINTIFF CASES) PRO SE (VA) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRA... |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) # 04053-164 | ATT Case: 1:07-cv-01932 Assigned To : Kollar-Kotelly, Colleen Assign. Date : 10/25/2007 Description: FOIA/Privacy Act |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
■ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>■ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC 552 - F.O.I.A.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO   If yes, please complete related case form.

DATE 10.25.07   SIGNATURE OF ATTORNEY OF RECORD  NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

√:\forms\js-44.wpd

