UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

DEC - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL C. ANTONELLI,                    )
                                         )
                    Plaintiff,           )
                                         )
          v                              )    Case No. 07-1932 (CKK)
                                         )
UNITED STATES PAROLE COMMISSION,         )
                                         )
                    Defendant.           )

<u>PRO SE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT</u>

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, the plaintiff, MICHAEL C. ANTONELLI, Pro Se, respectfully moves this Court for partial summary judgement with respect to the claim that the United States Parole Commission is in blatant, flagrant and gross violation of the statutory time limits of the FOIA.

Defendant UNITED STATES PAROLE COMMISSION will please take note that the assertions contained in the accompanying declaration of Michael Antonelli and other attachments in support will be accepted by the Court as true unless defendant submits its own affidavit or other documentary evidence contradicting the assertions in plaintiff's declaration and attachments. See <u>Neal v. Kelly</u>, 963 F.2d 453, 456 (D.C. Cir. 1992) and Local Rule 7.1.

Because this is a dispositive motion, plaintiff has not sought plaintiff's consent before filing it. LCvR 7(m).

Submitted this 3rd day of December, 2007.

                              By _Michael C. Antonelli_
                                 MICHAEL C. ANTONELLI, Pro se
                                 No. 04053-164
                                 Federal Correctional Institution
                                 Box 4000
                                 Manchester, Kentucky  40962


<u>CERTIFICATE OF SERVICE</u>

I, MICHAEL C. ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this motion and attachments to the United States Attorney @ 555 4th Street., NW in Washington, D. C. 20530.

Executed this 3rd day of December, 2007.

                              By _Michael Antonelli_
                                 Michael Antonelli, Affiant

(28 USC Section 1746)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,               )
                                    )
                Plaintiff,          )
                                    )
        v                           )        Case No. 07-1932 (GKK)
                                    )
UNITED STATES PAROLE COMMISSION,    )
                                    )
                Defendant.          )

DECLARATION OF MICHAEL ANTONELLI

I, Michael Antonelli, declare the following to be true and correct statements:

1)    That each paragraph No. 1 through No. 32 in the attached STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE are true and correct statements as to the best of my current knowledge and beliefs.
2)    That each and every copy of the exhibits attached enumerated BB through AAA are true and correct copies of letters that I either sent to or received from the USPC.
3.    That in transit from FCC Forrest City, Arkansas medium facility the staff at Forrest City sabotaged my legal property and all records in connection to my prior requests to the USPC were either lost, destroyed or otherwise disposed of.
4.    I made my requests enumerated in No. 1 through 32 because I was in dire need of those records in order that I be able to adequately defend against the parole violator warrant that ultimately was executed by the US Marshals on January 26, 2007.
5.    I repeatedly advised the USPC of this and repeatedly asked the USPC to expedite my request and process it expeditiously.  My requests were either ignored, barred or delayed by the USPC, namely Anissa Hunter of USPC.
6.    After the parole hearing I again was in dire need of the records used by the USPC to continue me to the expiration of my sentence.  I again requested the records and again asked to expedite.  Again, Anissa Hunter procrastinated.  I asked that my counsel be given the records because they were needed to finalize my appeal.
7.    The only records I received were in connection to the parole revocation packet, but what I needed to defend was not sent to me nor my counsel.
8.    To date, I have yet to receive one page of material from the USPC, other than the parole revocation packet that I sent to the counsel long ago.  That packet did not give me enough information to divulge which convictions, committments and violations were being used against me.  I do not know this information to this day.
9.    I firmly believe this treatment by Anissa Hunter of the USPC to be an obstruction of justice and I am prejudiced by this gross delay.

I declare under the penalty of perjury that the aforementioned is true and correct as to my current knowledge and beliefs.

Executed this _3rd_ day of December, 2007.

By _Michael Antonelli_
Michael Antonelli, Declarant

(28 USC Section 1746)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,      )
                            )
             Plaintiff, )
                            )
        v           )    Case No. 07-1932 (GKK)
                            )
UNITED STATES PAROLE COMMISSION,)
                            )
            Defendant. )

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

MICHAEL ANTONELLI respectfully submits that there are genuine issues of material fact that are not in dispute.  He hereby lists each and every increment of the material facts he believes are not in dispute.  In support of this statement plaintiff refers to his Declaration of Michael Antonelli submitted to this Court with the attached xerox copies of his exhibits in support, attached hereto:

1.   By letter to the Chairman of the United States Parole Commission dated August 17, 2006, plaintiff requested a copy of all records that the defendant, United States Parole Commission, has or had in its possession since September 15, 1978 that are in any way connected to his name. (See attached copy as Exhibit BB)

2.   By letter dated August 24, 2006, to the Chairman of the United States Parole Commission, plaintiff requested a copy of the Parole Revocation Packet and/or the Parole Mini File, in connection to his then upcoming parole violator hearing. (See attached copy as Exhibit CC).

3.   By letter dated September 14, 2006, the United States Parole Commission (Hereinafter "USPC") stated it has a backoog and may be unable to process his request within the statutory time requirement. (See attached copy as DD).

4.   By letter to the Chairman of the USPC dated November 6, 2006, the plaintiff appealed under the FOIA/PA the violations of the statut-ory time limits by the USPC as to the requests of 8/17/06 and 8/24/06. (See attached copy as FF).

5.   Certain records were released to plaintiff by the USPC on December 5, 2006 and certain portions of those records were withheld from plaintiff by the USPC by the claim that certain exemptions applied to delete said information.  Plaintiff no longer has access to any of those records released. (See Declaration of Michael Antonelli).

6.   By letter to the Chairman of the USPC dated December 15, 2006, the plaintiff appealed the December 5, 2006 release of certain records to him and the arbitrary and capricious use of certain exemptions cited by the USPC to withhold records. (See attached copy as GG).

7.   By letter dated January 29, 2007, the USPC affirmed the use of the exemptions by USPC in regards to the December 5, 2006 release of records. (See attached copy as HH).

-1-

8.    By letter to the Chairman of the USPC dated February 17, 2007, the plaintiff again appealed to the USPC stating he wanted a copy of everything in connection to his name including all parole hearing tapes, everything he submitted, and everything the USPC has already sent to him. He notified the USPC that all his records were lost in transfer by the BOP. He also notified the USPC that he has an urgent need because his parole hearing is set for April 26, 2007. (See attached exhibit II).

9.    The USPC then on March 6, 2007 advised plaintiff that it had a backlog of requests and the USPC may be unable to process his request within the statutory time requirement. (See attached copy as JJ).

10.    Plaintiff again appealed to the Chairman of the USPC on March 10, 2007 complaining that the USPC was unreasonably delaying the processing of his requests and notifying the USPC that he has an urgent need for the records because his parole hearing was set for April 26, 2007. (See attached copy as LL).

11.    By letter to Anissa Hunter of the USPC plaintiff again notified the USPC that he had lost all his FOIA material previously sent him in transit to Big Sandy and expressed a need for the material at once and that it was urgent because he faced a parole revocation hearing on April 26, 2007 and he needed the records to defend against the revocation. Plaintiff requested a copy of everything and agreed to pay the fees incurred. (See attached copy as MM).

12.    By letter dated March 27, 2007 the USPC requested plaintiff to agree to pay fees in excess of $25.00 or his request will not be processed. (See attached copy as OO).

13.    By letter to Anissa Hunter of the USPC dated March 29, 2007 the plaintiff again agreed to pay the fees incurred. He again requested his request be expedited. (See attached copy as PP).

14.    By letter dated April 23, 2007 the USPC then requested a deposit of $250 in order to begin processing of plaintiff's request. (See attached copy as QQ).

15.    By letter dated April 26, 2007 to Anissa Hunter of the USPC the plaintiff then notified the USPC that he caused a check in the amount of $250 to be sent to the USPC for the deposit required to continue processing his request and again asked that his request be expedited because his hearing was now scheduled the week of May 7, 2007. (See attached copy as RR).

16.    By letter to plaintiff dated May 16, 2007 Anissa Hunter of the USPC denied plaintiff's request to expedite. (See attached copy as NN).

17.    The USPC has not sent plaintiff even one page of the material requested back in August, 2007. (See Michael Antonelli declaration).

18.    By letter to the Chairman of the USPC dated July 13, 2007, plaintiff requested from the USPC a copy of all records in any way connected to his parole hearing conducted on May 21, 2007 including a copy of the parole hearing tape recording and any records in any way connected to the decision to continue him to expiration of his sentence and used to determine his salient factor score. He asked that this request be expedited because he needed the information to adequately prepare an appeal. (See attached copy as SS).

-2-

19.    Anissa Hunter of the USPC then advised plaintiff by letter of July 19, 2007 that there was a backlog of requests and the USPC may not be able to process his request within the statutory time limit. (See attached copy as TT).

20.    Plaintiff's counsel also requested from the USPC by a letter dated July 19, 2007, an up-date for all disclosable documents, letters, tapes and other material placed in the file of pllaintiff since the last disclosure. (See attached copy as UU).

21.    By letter dated August 16, 2007 plaintiff notified the USPC to bifurcate the release of records, explaining that the comprehensive request which is the basis of Count I of this complaint be sent to the plaintiff, and that the July 13, 2007 request be processed and sent to counsel, Cecil McCall in Dayton, Tennessee. (See attached copy as VV).

22.    By letter dated October 9, 2007 Anissa Hunter of the USPC then advised plaintiff that he must pay another $10.30 before the records would be mailed to him. (See attached copy as WW).

23.    By letter to Anissa Hunter of the USPC dated October 30, 2007 plaintiff questioned the USPC's failure to send him then records and notified the USPC that he caused $10.30 to be sent to them for the records. (See attached copy as XX).

24.    To date, plaintiff is yet to receive even one page of the requested material from the USPC. (See Michael Antonelli declaration).

25.    By letter to the Commission prior to November of 2007 the plaintiff requested a copy of the USPC Rules and Procedures Manual and notified USPC that he caused the $12 fee to be sent to the USPC. (See Michael Antonelli declaration).

26.    By letter dated November 8, 2007 Anissa Hunter of the USPC advised plaintiff the USPC had not received said monies. (See attached copy as YY).

27.    By letter to Anissa hunter of the USPC dated November 21, 2007 plaintiff notified the USPC that the $12 was sent months ago. (See attached copy as ZZ).

28.    By letter to the Chairman of the USPC dated November 23, 2007 plaintiff appealed the unreasonable delay in the processing of his request that he has been waiting for for over a year now. (See attached copy as AAA).

29.    The initial request of plaintiff of August 17, 2006 has never been responded to by the USPC.

30.    The only request responded to was the request for the parole revocation packet and/or mini file of August 24, 2006, and the request to supply plaintiff's counsel with certain parole revocation records was ultimately superficially addressed just days before the final supplement to his parole appeal was due, ultimately filed on November 15, 2007.

31.    The plaintiff has yet to see any of it.

32.    The USPC is in gross, blatant and flagrant violation of the FOIA time limits within which to respond to his request.

Respectfully Submitted this 3Rd day of December, 2007.

By _Michael Antonelli_

MICHAEL ANTONELLI, Pro Se

-3-

Chairman                                                      August 17, 2006
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland  20815

                        RE:  All records and tapes

Dear Sir:

        This is a request under the Freedom of Information Act.

        I request a copy of all records that your agency has or had
in its possession that are in any way connected to my name.  That
means all parole hearing tapes, confidential witness tapes, all
appeals and all National Appeals records, including all records
that you have already given to me beforehand, and any and all
records that I may have submitted or anyone submitted in connection
to my name, including court records and litigation records.  This
means all records that originate all the way back in time to the
initial incarceration of my person on September 15, 1978.

FULL NAME:  MICHAEL CARMIE ANTONELLI
DOB: December 4, 1946
POB: Chicago, Illinois  USA
SS No. 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

        I declare under the penalty of perjury that the above is my
biographical data, and that the signature below is my signature.

Executed this _17TH_ day of August, 2006.

                        By_____
                            Michael Antonelli, Affiant

(28 USC Section 1746)


                        Sincerely,


                        Michael Antonelli 04053-164
                        USP Big Sandy; Box 2068
                        INEZ, KY  41224


    cc : file


                        BB

August 24, 2006

Chairman
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland  20815

                    RE:  Parole Revocation Packet
                             and
                        Parole MINI FILE

Dear Sir:

     This is a request under the Freedom of Information Act in
conjunction with the Privacy Act.

     I request a copy of the PAROLE REVOCATION PACKET and/or the
PAROLE MINI FILE, in connection to the upcoming parole violator
warrant/hearing that I unequivocally will be subjected to in
January, 2007 upon execution of the pending parole violator
warrant lodged as a detainer against me.

     I request to know everything that is going to be used in
the determination to either violate my parole and to determine
how much time in custody I must serve.

     This includes the SALIENT FACTOR SCORE that will be used and
the corresponding guidelines range that will be used including
the severity of this new offense behavior.

     I also want to know exactly what prior convictions will
be used to determine my new outdate.

FULL NAME:  MICHAEL CARMIE ANTONELLI
DOB: December 4, 1946
POB : Chicago, Illinois USA
SS No. 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

     I declare under the penalty of perjury that the above data is
my biographical data and the signature below is my signature.

Executed this     day of August, 2006.

                         By  _Michael Antonelli_
                              MICHAEL C ANTONELLI, Affiant

(28 USC Section 1746)

                              Sincerely,

                              _Michael Antonelli_

          CC                  Michael Antonelli
                              04053-164
                              USP Big Sandy
                              Box 2068
                              INEZ, KY 41224

     cc: file



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

_____

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

September 14, 2006

Mr. Michael C. Antonelli
Reg. No. 04053-164
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

Dear Mr. Antonelli:

This office acknowledges the receipt of your letter dated August 17, 2006, which was received on August 30, 2006, requesting copies of records from the U.S. Parole Commission.

This office has a backlog of unfilled requests and limited personnel resources with which to process a large volume of FOIA requests. The National Capital Revitalization Act of 1997 has more than doubled the Commission's caseload as of August 5, 2000. However, Congress has continued the Commission's status as an abolished agency, and has not given the Commission the funding it expected to implement the Act in all respects. Moreover, since August 5, 2000, the Commission's FOIA caseload has significantly increased because of the unprecedented use of the FOIA, in District of Columbia Code cases, as a substitute for prehearing discovery at parole and parole revocation hearings, which is not required by the applicable parole laws and rules of the District of Columbia. The Commission has not previously experienced such an unusual volume of FOIA requests in its federal cases.

For the above reasons, the agency is now operating under exceptional circumstances as defined in 5 U.S.C. 552(a)(6)(C), and will exercise due diligence in responding to your request. Disclosure requests are processed in turn as soon as reasonably possible. We may be unable, however, to process your request within the statutory time requirement.



In accordance with applicable fee schedules, you will be required to reimburse the United States if billable search and reproduction costs exceed $14.00. The Commission will inform you if reimbursement is required and will determine any fee waiver request at that time. In the absence of a fee waiver, you must make payment before the copies of the records you requested will be sent to you.

Any material submitted by you or your representative to the Parole Commission will not be reproduced with our response, unless you specifically request the same. Additionally, your file may contain documents that originated with the Bureau of Prisons. We do not interpret your request to include these documents as you may already have obtained them from the Bureau. If you wish to have the Bureau of Prisons documents in your parole file processed, please advise the undersigned. The Commission will then refer these documents to the Bureau of Prisons for processing and a direct response to you.

We regret any delay but assure you that your request will be processed as soon as possible. You may wish to modify the scope of your request to limit your request to only a few documents which may result in priority processing. See 28 C.F.R. 2.56(a)(1).

Sincerely,

Tarnisha Jackson
FOIA Technician

TNJ

United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland 20815-7201

RE: FOIA Requests of 8/17/06 AN
8/24/06

Dear Sir:

This is an appeal under the FOIA/PA.

I sent you two (2) requests on above dates.
You answered on 9/14/06 mentioning only 8/17/06.
You are in violation of the statutory time
limits in each case. I appeal this delay.

I further demand all material submitted by
me, my representative, or anyone, to be
reproduced and sent to me, and request
that you interpret my request to include
all Bureau of Prisons documents in my file
processed also.

I also ask you to order my appeal and
requests to be expedited because I need
all these records for the upcoming parole
revocation hearing after 1/27/06 because
you refuse to lift the detainer lodged.

*Michael Antonelli*

FF

Michael Antonelli 04053-16
USP Big Sandy; Box 2068
1197 Airport Road
Inez, KY 41224

cc: file

Chairman
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland 20815

December 15, 2006

RE: FOIA Response of 12/5/06

Dear Sir:

This is an appeal under the Freedom of Information Act.

By response to my FOIA request dated December 5, 2006, the Commission provided me copies of the records requested. But, certain records were withheld and certain information was deleted under exemptions (b)(6) and (b)(70(C). I appeal the use of those exemptions as arbitrary and capricious. The Commission has the burden of proving the material withheld fits squarely within the parameters of the exemptions claimed. The Commission has not met that burden.

As far as the documents purportedly available through my case manager, I again appeal the withholding of them. I requested everything including everything I submitted to you. Therefore, I want those records from the Commission, not the BOP. I am harassed and intimidated and retaliated against every time I attempt to receive records from BOP and do not wish to put my head on the platter again. Therefore, kindly send me everything the BOP has that fall within the purview of this request.

Please process ALL documents. Then refer these documents to the BOP for processing and direct response to me.

Sincerely,

Michael Antonelli
04053-164
USP Big Sandy
1197 Airport Road
Inez, KY 41224

cc: file



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*Office of the Chairman*

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*

*Telephone: (301) 492-5990*
*Facsimile: (301) 492-5307*

January 29, 2007

Michael Antonelli
Reg. No. 04053-164
USP Big Sandy
1197 Airport Road
Inez, KY 41224

Dear Mr. Antonelli:

You are appealing the action taken by the Parole Commission in response to your Freedom of Information Act (FOIA) request of December 5, 2006. You contend that Exemptions (b)(6) and (b)(7)(C) of the FOIA, 5 U.S.C. Section 552, were arbitrarily applied to withhold information. You also contend that Bureau of Prisons (BOP) documents were improperly withheld.

Contrary to your claim, Exemptions (b)(6) and (b)(7)(C) were properly applied to withhold personal information relating to victims/witnesses listed on the police reported dated October 30, 2001. The police report was disclosed to you but limited information was withheld relating to the addresses and birthdates of the victims/witnesses. In applying the exemptions, an individual's right to privacy is balanced against the public interest in the release of the information.  See U.S. Dept. Of Justice v. Reporters Committee, 489 U.S. 749, 762 (1989). The victims/witnesses listed in the police report have a right to privacy in regard to their personal information. You have not identified any public interest warranting the release of the information. Thus, the information was properly withheld from disclosure pursuant to Exemptions (b)(6) and (b)(7)(C).

In regard to the BOP documents, there is no basis for your appeal. The documents were not withheld from disclosure. You were advised to notify the FOIA processor if you wished to have those documents copied and referred to the BOP. Since you indicate that you would like to receive the BOP documents, the Commission will process those documents and refer them to the BOP.

Judicial review of my action on this appeal is available to you in the United States District

Page 1 of 2                                    *HH*                                    01/29/07

Court for the judicial district in which you reside, or in the District of Columbia.

Sincerely,

Edward F. Reilly, Jr.
Chairman
U.S. Parole Commission

EFR/PAR/par

01/29/07

# FOIA APPEAL

To: _CHAIRMAN US Parole Commission_    DATE ___2/17/07___

FOIA To: _US Parole Commission_

Request No. _NONE ASSIGNED_

Date of Request ___1-15/07___

This is an appeal under the Freedom of Information Act.

Please review the action or inaction of the following agency: _US Parole Commission_

in conjunction to my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records response.

_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason they were destroyed and under what provision of the law.

__X__ I believe the agency action or inaction otherwise unjust for the following reason: _I WANT_

_A COPY OF EVERYTHING YOU HAVE IN CONNECTION TO MY NAME INCLUDING ALL PAROLE HEARING TAPES. EVERYTHING I SUBMITTED, YOU ALREADY HAVE SENT ME._

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.

The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and including detailed affidavits & explanations to support any justifications for refusal to disclose.

Sincerely,

X _Michael Antonelli_
                (signature)

_Michael Antonelli  04053-164_
(name)                          (number)

USP Big Sandy; 1197 Airport Road
Box 2068, Inez, KY 41224

cc: file

**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

_P.S. ALL MY RECORDS WERE LOST BY THE BOP IN TRANSFER_
_P.S. AGAIN I HAVE AN URGENT NEED — PAROLE HEARING SET FOR 4/24/0_



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201
Telephone  (301)492-5821
Facsimile  (301)492-5525

March 6, 2007

Mr. Michael C. Antonelli
Reg. No. 04053-164
Big Sandy USP
P. O. Box 2067
Inez, KY 41224

Dear Mr. Antonelli:

This office acknowledges the receipt of your letter dated February 15, 2007 which was received on March 6, 2007, requesting copies of records from the U.S. Parole Commission.

This office has a backlog of unfilled requests and limited personnel resources with which to process a large volume of FOIA requests. The National Capital Revitalization Act of 1997 has more than doubled the Commission's caseload as of August 5, 2000. However, Congress has continued the Commission's status as an abolished agency, and has not given the Commission the funding it expected to implement the Act in all respects. Moreover, since August 5, 2000, the Commission's FOIA caseload has significantly increased because of the unprecedented use of the FOIA, in District of Columbia Code cases, as a substitute for prehearing discovery at parole and parole revocation hearings, which is not required by the applicable parole laws and rules of the District of Columbia. The Commission has not previously experienced such an unusual volume of FOIA requests in its federal cases.

For the above reasons, the agency is now operating under exceptional circumstances as defined in 5 U.S.C. 552(a)(6)(C), and will exercise due diligence in responding to your request. Disclosure requests are processed in turn as soon as reasonably possible. We may be unable, however, to process your request within the statutory time requirement.



In accordance with applicable fee schedules, you will be required to reimburse the United States if billable search and reproduction costs exceed $14.00. The Commission will inform you if reimbursement is required and will determine any fee waiver request at that time. In the absence of a fee waiver, you must make payment before the copies of the records you requested will be sent to you.

Any material submitted by you or your representative to the Parole Commission will not be reproduced with our response, unless you specifically request the same. Additionally, your file may contain documents that originated with the Bureau of Prisons. We do not interpret your request to include these documents as you may already have obtained them from the Bureau. If you wish to have the Bureau of Prisons documents in your parole file processed, please advise the undersigned. The Commission will then refer these documents to the Bureau of Prisons for processing and a direct response to you.

We regret any delay but assure you that your request will be processed as soon as possible. You may wish to modify the scope of your request to limit your request to only a few documents which may result in priority processing. See 28 C.F.R. 2.56(a)(1).

Sincerely,

Anissa N. Hunter
FOIA Specialist

ANH



# FOIA APPEAL

To: CHAIRMAN                              DATE ___ 3/10/07 _____

UNITED STATES PAROLE Commission           FOIA To: USPC

5550 FRIENDSHIP BLVD                       Request No. NONE ASSIGNED

Chevy Chase MARYLAND 20815                 Date of Request ___ 2/15/07

This is an appeal under the Freedom of Information Act.

Please review the action or inaction of the following agency: ___ USPC _____

in conjunction to my request for records. (check appropriate box(es) below:

___✓___ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records response.

_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason they were destroyed and under what provision of the law.

___✓___ I believe the agency action or inaction otherwise unjust for the following reason. I Appeal The
UNReasonable Delay in Processing my Request. I have An
URGent Need For The records. Parole Hearing set 4/26/07.

_____ Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.

The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and including detailed affidavits & explanations to support any justifications for refusal to disclose.

Sincerely,

X M_____
                      (signature)

Michael AuDlaveth  04653-164
(name)                    (number)

USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file

**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**



Anissa N. Hunter                                    March 11, 2007
FOIA Specialist
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland  20815

                          RE:  Your March 6, 2007 letter

Dear Ms Hunter:

     Please know that I request you expedite my FOIA requests.  I have lost all my FOIA material previously sent me in transit to USP Big Sandy.  I must have everything the Commission has in its possession including all parole tapes, all records submitted by me, and anything anyone else sent on my behalf, and especially the May 21, 1997 tape of the hearing and the tape of NANCY ANTONELLI's statement given without my presence.  I have submitted the release from NANCY ANTONELLI to procure this but your agency has failed to retrieve that tape from the EOUSA as far as I know.

     I need all this at once.  This is urgent.  I face a PAROLE REVOCATION HEARING on April 26, 2007, and I need these records to defend against revocation.

     Kindly expedite this request.

     Please give me a copy of EVERYTHING !  I will pay the fees incurred !

     THANK YOU.

                              Michael Antonelli
                              04053-164
                              USP Big Sandy
                              Box 2068
                              Inez, KY 41224

cc : file

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201
Telephone: (301) 492-5821
Facsimile: (301) 492-5525

March 27, 2007

Mr. Michael C. Antonelli
Reg. No. 04053-164
Big Sandy USP
P. O. Box 2067
Inez, KY 41224

Re:    **Your Pending Disclosure Request**

Dear Mr. Antonelli:

This is in regard to your pending Freedom of Information Act (FOIA) request of February 17, 2007.

We have estimated that the processing of your request will involve a fee amounting to more than $25.00. In accordance with 28 C.F.R. §16.11(e), this letter serves as notice that your request will not be processed until you agree to pay the anticipated fee. Please do not submit payment at this time, but only a letter stating your agreement to pay the fee once the exact amount is determined.

In the alternative, you may submit a new request limiting the scope of your request to avoid the incurrence of a fee.

You must respond to this letter within 30 days of the date of the letter or your request will be considered withdrawn. Please forward your response to the FOIA Unit at the address listed above.

Sincerely,

Anissa N. Hunter
FOIA Specialist

ANH



3/29/07

Anissa N. Hunter, FOIA Specialist
·United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland 20815

RE: March 27, 2007 Letter
from you.

Dear Ms Hunter:

Please know that I agree to pay
a fee more than $2500 for processing
my FOIA request.

Please expedite!

Thank you

Michael Antonelli

Michael Antonelli
07002-424
USP Big Sandy
Box 2068
Inez, KY 41224

CC: File

PP



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

April 23, 2007

Mr. Michael C. Antonelli
Reg. No. 04053-164
Big Sandy USP
P. O. Box 2067
Inez, KY 41224

**Re:    Your Pending Disclosure Request**

Dear Mr. Antonelli:

This is in regard to your pending Freedom of Information Act (FOIA) request of February 17, 2007 and agreement to pay on Marc 29, 2007.

We have evaluated your case file and have determined that in order to begin the processing of your request a deposit of $250 will be required.  In accordance with 28 C.F.R. §16.11(e), this letter serves as notice that your request will not be processed until we receive the deposit.

In the alternative, you may submit a new request limiting the scope of your request to possibly avoid the incurrence of a fee.

**You must respond to this letter within 30 days of the date of the letter or your request will be considered withdrawn.**  Please forward your response to the FOIA Unit at the address listed above.

Sincerely,

Anissa N. Hunter
FOIA Specialist

ANH



Anissa N. Hunter, FOIA Specialist                    April 26, 2007
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland  20815

                              RE:  Pending Disclosure Request

Dear Ms Hunter:

        Enclosed please find a business check in the amount of $250.00
made out to the <u>Treasury of the United States</u> for the deposit
required to continue processing my request.

        Kindly expedite.  I need these records before I go to the
hearing scheduled the week of May 7, 2007.

        Thank You.

                                        Sincerely,

                                        Michael Antonelli
                                        No. 04053-164
                                        USP Big Sandy
                                        Box 2068
                                        Inez, KY  41224

cc : file

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201
Telephone: (301)492-5821
Facsimile: (301)492-5525

May 16, 2007

Mr. Michael C. Antonelli
Reg. No. 04053-164
Big Sandy USP
P. O. Box 2067
Inez, KY 41224

**Re:    Your Pending Disclosure Request**

Dear Mr. Antonelli:

This is in regard to your pending Freedom of Information Act (FOIA) request of February 17, 2007 and the payment which was received May 9, 2007.

We will begin processing your request as soon as possible.  Currently, this office has limited personnel resources with which to process your large FOIA request. We will begin with the first file maintained by the Commission and disclose pages up to $250.

Your request to "expedite" prior to your hearing has been denied. Expedited processing of requests are granted when there is a compelling need established as defined by the U.S Parole Commissions Rules and Procedure Manual §2.56.

Sincerely,

Anissa N. Hunter
FOIA Specialist

ANH

July 13, 2007

Chairman
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland   20815

RE:   FOIA in connection to NOTICE OF ACTION
Dated 6/12/07 and parole hearing 5/21/07

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of all records in any way connected to the Parole Revocation Hearing of 5/21/07 and NOTICE OF ACTION of 6/12/07.

I want everything in any way connected to the decision to CONTINUE TO EXPIRATION of my sentence.  This includes every record used to determine my SALIENT FACTOR SCORE.  Also, all records used to determine that this is the Fifth Time I have been convicted of a new crime since my initial release to parole supervision.

I also want a copy of the parole revocation hearing tape of my hearing had on 5/21/07 and any records in connection to the revocation proceedings including all telephonic information whereas anyone may have called the Commission on my behalf or otherwise.  Please include copies of all records I may have submitted or somebody may have also submitted on my behalf.

I ask that you expedite this request because I need this information to adequately prepare an appeal.

FULL NAME:  MICHAEL CARMIE ANTONELLI
DOB:   12/04/1946
POB:   Chicago, Illinois USA
SS#:   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

I declare under the penalty of perjury that the aforementioned is my biographical data and the signature below is my signature.

(28 USC Section 1746)

Sincerely,

*Michael Antonelli*

Michael Antonelli
04053-164
Federal Correctional Institution
Box 4000
Manchester, Kentucky   40962

cc : file



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

_5550 Friendship Boulevard_
_Chevy Chase, Maryland 20815-7201_
_Telephone: (301) 492-5821_
_Facsimile: (301) 492-5525_

July 19, 2007

Mr. Michael C. Antonelli
Reg. No. 04053-164
Manchester FCI
P.O. Box 3000
Fox Hollow Road
Manchester, KY  40962-3000

Dear Mr. Antonelli:

This office acknowledges the receipt of the above-referenced letter which was received on July 19, 2007 requesting copies of records from the U.S. Parole Commission.

This office has a backlog of unfilled requests and limited personnel resources with which to process a large volume of FOIA requests.  The National Capital Revitalization and Self-Government Improvement Act of 1997 has more than doubled the Commission's caseload as of August 5, 2000. However, Congress has continued the Commission's status as an abolished agency, and has not given the Commission the funding it expected to implement the Act in all respects.  Moreover, since August 5, 2000, the Commission's FOIA caseload has significantly increased because of the unprecedented use of the FOIA, in District of Columbia Code cases, as a substitute for prehearing discovery at parole and parole revocation hearings. The Commission has not previously experienced such an unusual volume of FOIA requests in its federal cases.

For the above reasons, the agency is now operating under exceptional circumstances as defined in 5 U.S.C. §552(a)(6)(C), and will exercise due diligence in responding to your request.  Disclosure requests are processed in turn as soon as reasonably possible.  We may be unable, however, to process your request within the statutory time requirement.

In accordance with applicable fee schedules, you will be required to reimburse the United States if billable search and reproduction costs exceed $14.00.  The Commission will inform you if reimbursement is required and will determine any fee waiver request at that time.  In the absence of a fee waiver, you must make payment before the copies of the records you requested will be sent to you.

Any material submitted by you or your representative to the Parole Commission will not be reproduced with our response, unless you specifically request the same.  Additionally, your file may contain documents that originated with the Bureau of Prisons.  We do not interpret your request to include these documents as you may already have obtained them from the Bureau.  If you wish to have the Bureau of Prisons documents in your parole file processed, please advise the undersigned.



The Commission will then refer these documents to the Bureau of Prisons for processing and a direct response to you.

We regret any delay but assure you that your request will be processed as soon as possible. You may wish to modify the scope of your request to limit your request to only a few documents which may result in priority processing. See 28 C.F.R. §2.56(a)(1).

Sincerely,

Anissa N. Hunter
FOIA Specialist

ANH

# CECIL C. MCCALL ASSOCIATES
### 388 RIVERBEND DRIVE
### DAYTON, TENNESSEE 37321
### (423) 775-5567

A CRIMINAL JUSTICE
PROFESSIONAL SERVICE

PROVIDING PAROLE REPRESENTATION
PRE-SENTENCING &
SENTENCING GUIDELINE CONSULTATION

· July 19, 2007

FOIA/Disclosure Specialist
U. S. Parole Commission
5550 Friendship Blvd.
Chevy Chase, MD   20815

Re: MICHAEL C. ANTONELLI
Reg. #04053-164

Dear Sir/Madam:

    This is an up-date request for all disclosable documents,
letters, tapes and other material placed in the file of the above
named inmate since the date of your last disclosure.

    A properly executed privacy waiver authorizing this disclosure
is enclosed.

Sincerely,

Cecil C. McCall

CMc:jM
Enclosure

*Michael, Complete The Attached Waiver and have a Case Mgr. Witness and Natarize your signature — in Case They reject The waiver you sent me before.*

*Thanks,*

*CCM*

Anissa N. Hunter, FOIA Specialist                    August 16, 2007
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland   20815-7201

                    RE:  My Request you received 7/19/07

Dear Ms Hunter:

        Please know that there are two main requests for information
that have yet to be responded to by the Commission:

        1)   A comprehensive request in which I ask for everything
in your files including parole hearing tapes dating back to 1978
when I was first incarcerated by the federal government.  On April
23, 2007 you asked for a $250 deposit.  By letter of April 26, 2007
I sent the $250 to you.  That request has yet to be answered by
the Commission;  (See attached copies of those letters)

        2)   Another request I filed in the interum after having
found out I was continued to expiration, asking for only the
records in connection to my parole hearing on May 21, 2007 and
the NOTICE OF ACTION dated June 12, 2007, dated July 13, 2007.
You responded by letter dated July 19, 2007. (See copies attached
of both letters).


        I am writing to advise you to please send the response to
the July 13, 2007 request to the Honorable Cecil C. McCall at
388 Riverbend Drive, Dayton, Tennessee 37321, who I have retained
to represent my interests in the pending administrative appeal. (#2)

        I want to thank you in advance for any consideration that
you may be able to give to me herein.

                            Sincerely,

                            Michael C. Antonelli 04053-164
                            Federal Correctional Institution
                            Box 4000, Manchester, Kentucky 40962

cc : file
     Cecil C. McCall

P.S.  Please continue processing the request mentioned in #1 and
      send those records to me.  Only send the #2 records to Mr.
      Mcall.  THANKS AGAIN !



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

US PAROLE

OCT 2 3 2007

COMMISSION

October 9, 2007

Mr. Michael C. Antonelli
Reg. No. 04053-164
Big Sandy USP
P. O. Box 2067
Inez, KY 41224

Dear Mr. Antonelli:

Your request for copies of records from your file has been processed.

In accordance with departmental regulations, you are required to pay all applicable fees before the requested records are released to you. The remaining fee for processing your request is $10.30. This is based on the charge of $0.10 per page in excess of 100 pages (2,703 pages) provided. Your check for $250 will now be deposited. Once the remaining balance has been received, your records will be mailed to you.

Your check or money order should be made payable to the Treasury of the United States and mailed to the U.S. Parole Commission, Disclosure Fee Desk, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815. To ensure proper crediting of the payment, the check sent to the U.S. Parole Commission must include your full name and register number.

Sincerely,

Anissa N. Hunter
FOIA Specialist

ANH

WW

NIXIE     403   DE 1        OO 10/18/07
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
BC: 20815728599     *2117-06317-10-32

Anissa N. Hunter, FOIA Specialist                     October 30, 2007
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland   20815

                         RE:   Your letter of 10/9/07

Dear Ms Hunter:

     Please know that I have caused the $10.30 to be sent to the
Commission off my books.  It should be there soon.  Secondly, I am
utterly dismayed at the fact that you have sent the October 9, 2007
letter to me at the wrong address. (See enclosed)  You unequivocally
knew of my Manchester address as of at least August 16, 2007. (See
enclosed)  Third, I am also hard-pressed to believe that you did
not send the 2703 pages to me at once instead of further delaying
my receipt of the records when you darn well also knew that I have
an urgent need for the records requested in order to finish my parole
appeal due November 19, 2007.  I have been waiting now for over a year
for these records and have sent you the $250 you requested long ago.
I needed those records even before my parole revocation hearing that
ultimately occured on May 21, 2007.  The failure to send them has now
contributed to the fact that I still sit, now over six years, not
knowing when I am really getting out.  That was the exact reason that
Congress passed the new law and voted to discontinue the Parole Comm-
ission in the firstplace back in 1984, (passing the new law)  in order
to eliminate this anxiety and give everyone an outdate.  Yet, you did
not send the records for such a petty reason regardless.
     In any event, that comes to my fourth concern; why you have not
also honored my specific request of August 16, 2007, copy enclosed,
to send the records of only my parole hearing to my noble attorney
Cecil C. McCall, before you finished processing the comprehensive
request I initially filed way back in 2006, over a year ago.  I have
recently spoken to Mr. McCall and he has advised me that you still
have not sent him anything.  Why ???????
     Please also know that Mr. McCall needs those records at least
ten days in advance of the November 19, 2007 deadline to file what
he has to file in order to supplement my pending parole appeal.
     I am sorry if this letter has a tone of perturbation in it.  I
have no choice other than to believe, because so many delays, and
so many mistakes such as sending things continuously to the wrong
address, that this is intentional stonewalling of my efforts to
ultimately receive a parole date.
     So, can you please send Mr. McCall the records he wants and
also the ones I want, without further delay.
          THANK YOU!!!!!!!

                         Utterly Dismayed, I Remain:
                         *Michael Antonelli*
                         Michael Antonelli 04053-164
                         No. 04053-164
                         Federal Correctional Institution
                         Box 4000
                         Manchester, Kentucky 40962

cc : file
     Cecil C. McCall



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

Office of the General Counsel

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Telephone: (301) 492-5959
Facsimile: (301) 492-5563

November 8, 2007

Michael Antonelli
Reg. No. 04053-164
Federal Correctional Institution
P O Box 4000
Manchester, KY 40962

Dear Mr. Antonelli:

In your previous correspondence, you indicated that you would send $12.00 for a new U.S. Parole Commission Rules and Procedures Manual. As of this date, we have not received such monies.

If you wish to have an updated manual, please send a check or money order made payable to the U.S. Treasurer at the above address.

Sincerely,

Anissa N Hunter
FOIA Specialist
U.S. Parole Commission

ANH

Anissa N. Hunter, FOIA Specialist                November 21, 2007
United States Parole Commission
5550 Friendship Blvd
Chevy Chase, Maryland  20815-7201

                         RE:  new US Par Comm Rules & Proc Manual

Dear Ms Hunter:

    The $12.00 was taken off my books months ago.  You must have
it by now.  It never came back.

    Send me the manual at once please !


                         Sincerely,

                         Michael Antonelli
                         04053-164
                         Federal Correctional Institution
                         Box 4000
                         Manchester, Kentucky  40962


cc : file

CHAIRMAN
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland
20815

November 23, 2007

RE: MY FOIA Material

Dear Sir:

On 11/1/07 The $10.30 check was sent to you for the final payment for the Comprehensive FOIA request that I have been waiting for for over a year now.

Why do I not have these records yet?

Utterly dismayed,

I remain . . . . .

Michael Antonelli

Michael Antonelli
04053-164
Federal Correctional Institution
Box 4000
Manchester, Kentucky 40962

cc: File    AAA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,                )
                                     )
                    Plaintiff,       )
                                     )
          v                          )   Case No. 07-1932 (GKK)
                                     )
UNITED STATES PAROLE COMMISSION,     )
                                     )
                    Defendant.       )

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGEMENT

     Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure,
Plaintiff, MICHAEL ANTONELLI, Pro Se, respectfully moves this Court
to grant partial summary judgement.
     In support of this motion, Plaintiff Michael Antonelli refers
the Court to the statement of material facts not in genuine dispute
submitted herein and the exhibits attached as well as the Declaration
of Michael Antonelli attached.

## ARGUMENT

     Plaintiff has asked the USPC for the requested information
way back on August 17, 2006, well over one year ago.
     Plaintiff has not receive even one page of the material he has
requested over one year ago.
     The USPC is in gross derrogation of the statutory time limits
of the FOIA.
     Anissa Hunter and other unknown employees of the USPC are guilty
of obstruction of justice.
     This Court should grant plaintiff partial summary judgement
in his favor and against the Defendant United States Parole Comm-
ission.
     In support, plaintiff submits his declaration, the statements
of material fact not in genuine dispute, all that must go uncontra-
dicted unequivocally.

## CONCLUSION

     For the foregoing reasons, partial summary judgement should be
entered in favor of the Plaintiff MICHAEL ANTONELLI.

Submitted this 3rd day of December, 2007.

                              By _____
                                 Michael Antonelli, Pro Se
(28 USC Section 1746)