UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL C. ANTONELLI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1932 (CKK) |
| UNITED STATES PAROLE COMMISSION, | ) |
| Defendant. | ) |

**DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT AND FIRST MOTION FOR LEAVE TO RESPOND TO PLAINTIFF'S SUMMARY JUDGMENT MOTION, THE TIME FOR FILING HAVING EXPIRED**

Defendant, United States Parole Commission, respectfully requests an extension of time of 60 days to, and including, February 28, 2008, in which to file an answer or otherwise respond to the complaint (Document 1), filed on October 25, 2007, which arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.[1]  Defendant further requests leave of Court to file an opposition to Plaintiff's motion for partial summary judgment (Document 12), which was filed on December 4, 2007, at the same time we are required to answer or otherwise respond to the complaint.  This is Defendant's second request for an enlargement of time to respond to the complaint and the first request for an enlargement of time to respond to the

---

[1] On November 30, 2007, Defendant moved for an enlargement of time of 30 days to respond to the complaint (Document 10) because the complaint alleged a cause of action under FOIA, and Defendant's response was therefore due within 30 days of service of the complaint, pursuant to 5 U.S.C. § 552(a)(4)(C), rather than the 60 days normally afforded the United States, pursuant to Fed. R. Civ. P. 12(a)(3)(A).  The Court granted Defendant's request by Minute Order of December 3, 2007, and ordered Defendant's answer due by Sunday, December 30, 2007.  Thus, by operation of Fed. R. Civ. P. 6(a) the current deadline for Defendant to answer the complaint is Monday, December 31, 2007.

motion for partial summary judgment. Because Plaintiff is incarcerated and proceeding pro se, we have not endeavored to ascertain Plaintiff's position with respect to this motion, as LCvR 7(m) is inapplicable in this case. Defendant relies on the following points and authorities in support of this motion:

1. Plaintiff's complaint challenges Defendant's response to two FOIA requests for first-party records in the possession of the USPC. The first count in the complaint relates to Plaintiff's letter, dated February 17, 2007, requesting copies of all such records that have been in the possession of the USPC since 1978 (see Compl., Count I, ¶ 7). Plaintiff alleged that his copies of many of these documents "were lost by the BOP in transfer" (id.). The second count in the complaint relates to Plaintiff's letter, dated July 13, 2007, requesting copies of any records "connected to his parole hearing conducted on May 21, 2007" (id., Count II, ¶ 1). Plaintiff requested the latter records because he claimed his counsel needed to review the records prior to a November 19, 2007 appeal deadline.

2. Defendant has responded to both FOIA requests challenged in the complaint. By letter dated November 5, 2007, Defendant disclosed to Plaintiff the records relating to the May 21, 2007 parole hearing. The records were released to Plaintiff's counsel in advance of the appeal deadline, as requested by Plaintiff. By letter dated December 20, 2007, Defendant disclosed 2712 records responsive to Plaintiff's request for 30 years of first-party records. Defendant withheld additional records based on statutory exemptions expressly identified in the disclosure letter, and further advised Plaintiff that additional records were referred to 6 different originating agencies. Defendant turned over the records even though Plaintiff has failed to pay the remaining $10.03 owed for copying costs, and Defendant therefore reserves its right to raise

this defense in a dispositive motion, as may be appropriate.

3. Plaintiff's motion for partial summary judgment requests "relief with respect to the claim that the [USPC] is in blatant, flagrant and gross violation of the statutory time limits of the FOIA" (Plaintiff's Motion at 1). Without conceding that any documents were improperly withheld prior to the filing of the complaint, Defendant has since disclosed records responsive to Plaintiff's two FOIA requests, and Plaintiff therefore has received the relief that he appears to seek in his motion for partial summary judgment. In any event, Defendant intends to file a motion for summary judgment to demonstrate that no records have been improperly withheld.

4. Defendant requires additional time to prepare a <u>Vaughn</u> declaration in support of a motion for summary judgment, and requests 60 days because Plaintiff's request involves 30 years of records and includes records originated by six other agencies. Additionally, undersigned counsel has experienced a high volume of deadlines in matters transferred to him, and newly-assigned matters, since he transferred to the Civil Division in November 2007, and is attempting to stagger some of the deadlines to avoid the need for further enlargement requests.

5. Because Defendant intends to file a motion for summary judgment, we request leave to respond to both the complaint and Plaintiff's motion for partial summary judgment at the same time. We acknowledge, however, that Plaintiff's motion for partial summary judgment was mailed on December 3, 2007, entered on the ECF docket by the Clerk on December 6, 2007 (see notation to Document 12), and received by the Office of the U.S. Attorney on December 13, 2007. Under LCvR 7(b) and Fed. R. Civ. P. 6, Defendant's response was therefore due on December 17, 2007. This deadline was inadvertently allowed to pass, however, because it fell prior to the date set by the Court for defendant to respond to Plaintiff's Complaint. Under the

circumstances, we submit that this oversight constitutes "excusable neglect" within the meaning of Fed. R. Civ. P. 6(b)(2) because the delay will result in no prejudice to plaintiff, will have no materially adverse effect upon the Court's consideration of this case, and was the result of a good faith mistake by Defendant's counsel.  See In re: Vitamins Antitrust Class, 327 F.3d 1207 (D.C. Cir. 2003).  See generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).

WHEREFORE, Defendant respectfully requests an enlargement of time of 60 days to file an answer or otherwise respond to the complaint and to respond to Plaintiff's motion for summary judgment.  A proposed Order is submitted herewith.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

      MICHAEL C. ANTONELLI,
      No. 040053-164
      Federal Correctional Institution
      Box 4000
      Manchester, Kentucky 40962

on this 31st day of December, 2007.

                                                /s/
                                      JOHN G. INTERRANTE
                                      Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL C. ANTONELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1932 (CKK) |
| ) | |
| UNITED STATES ) | |
| PAROLE COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon Consideration of Defendant's Second Motion for Extension of Time to Answer Complaint and First Motion for Leave to Respond to Plaintiff's Summary Judgment Motion, the Time for Filing Having Expired, for good cause and excusable neglect having been shown, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that the defendant shall file an answer or otherwise respond to the complaint, and also file an opposition to Plaintiff's motion for partial summary judgment, by February 28, 2008.

It is **SO ORDERED** this _____ day of _____, _____.

Colleen Kollar-Kotelly
United States District Judge