UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL C. ANTONELLI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1932 (CKK) |
| UNITED STATES PAROLE COMMISSION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S FOURTH MOTION FOR EXTENSION OF TIME TO ANSWER
OR OTHERWISE RESPOND TO THE COMPLAINT AND THIRD MOTION FOR
EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Defendant, United States Parole Commission ("USPC"), respectfully requests an extension of time of 30 days to, and including, April 30, 2008, in which to file an answer or otherwise respond to the complaint (Document 1), filed on October 25, 2007, which arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended. Because this is a FOIA case, defendant expects to file a motion for summary judgment because no responsive non-exempt documents have been improperly withheld. Defendant further requests a similar extension of time to respond to plaintiff's motion for partial summary judgment (Document 12), which was filed on December 4, 2007, and alleges that plaintiff has received no documents in response to his FOIA requests submitted to the USPC. To the contrary, defendant has now disclosed to plaintiff all non-exempt USPC documents in plaintiff's parole records dating back to 1978, and the six originating agencies who were referred documents have completed their review of the slightly more than 800 pages of referral documents. Three of the originating agencies, the Federal Bureau of Investigation, Bureau

of Prisons, and Executive Office of United States Attorneys completed their review of referral documents in the period since the Court granted defendant's third extension request.

    Defendant relies on the following points and authorities in support of this motion:

    1.    This is defendant's fourth request for an enlargement of time to respond to the complaint and the third request for an enlargement of time to respond to the motion for partial summary judgment. Defendant's response is due on March 31, 2008, by prior Order of this Court. Because plaintiff is incarcerated and proceeding pro se, we have not endeavored to ascertain plaintiff's position with respect to this motion, as LCvR 7(m) is inapplicable in this case.

    2.    Plaintiff's complaint and motion for partial summary judgment challenges defendant's response to two FOIA requests for first-party records in the possession of the USPC. The first request asked for all documents relating to plaintiff that have been in the possession of the USPC since 1978 (see Compl., Count I, ¶ 7). Plaintiff acknowledged that he had previously obtained copies of many of these documents, but alleged that his copies "were lost by the BOP" when he was transferred from one federal correctional institution to another (id.). The second FOIA request relates to plaintiff's letter, dated July 13, 2007, requesting copies of any records "connected to his parole hearing conducted on May 21, 2007" (id., Count II, ¶ 1).

    3.    This extension is required so that Defendant, through undersigned counsel, may complete its review of the supplemental and referral declarations recently obtained, to confer and consult with the component agencies, as may be necessary, and to complete the drafting of the motion for summary judgment and supporting documents, and respond to the partial motion for summary judgment. During the period of the third extension, the USPC has prepared a supplemental declaration, and the two referral agencies that have withheld records based on FOIA exemptions

have provided declarations. Five of the originating agencies have now disclosed all non-exempt documents to plaintiff and the remaining referral agency, the Bureau of Prisons has requested payment from plaintiff before disclosing 320 non-exempt documents in their entirety. The BOP has also advised plaintiff that he may review pre-sentence report documents at the institution where he is incarcerated.

4. Since the filing of this lawsuit, defendant has disclosed all non-exempt documents in plaintiff's parole file, and the six originating agencies have reviewed the slightly more than 800 documents referred by the USPC for review and response. Specifically, by letter dated December 20, 2007, defendant produced 2712 documents to plaintiff, notwithstanding a dispute over the $10.30 balance due on the request. Defendant also disclosed that documents contained in the USPC files were referred to six different originating agencies. Plaintiff filed an administrative appeal, by letter dated December 26, 2007, and paid the disputed fee by check received by the defendant on January 2, 2008. By letter dated February 8, 2008, defendant responded to plaintiff's appeal letter and disclosed several pages of documents that had been previously withheld. Defendant also provided 71 pages of documents that had been referred to CSOSA, one of the originating agencies. The remaining referral agencies have completed their review of documents originated by the agencies and authorized disclosure of non-exempt documents.

5. Defendant requests a 30-day extension of time, rather than filing a motion for partial summary judgment, because we believe that it furthers the interests of judicial efficiency for the defendant to file a single motion for summary judgment and opposition to plaintiff's motion for

partial summary judgment.[1]

WHEREFORE, Defendant, United States Parole Commission, respectfully requests an enlargement of time of 30 days to file an answer or otherwise respond to the complaint and to respond to Plaintiff Michael Antonelli's motion for partial summary judgment. A proposed Order is submitted herewith.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

---

[1] If the Court should disagree and prefers that the defendant file a motion for partial summary judgment at this time, we would request a brief extension of time to prepare this motion, and would also need an extension of time to move for summary judgment on the remaining referral documents.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

> MICHAEL C. ANTONELLI,
> No. 040053-164
> Federal Correctional Institution
> Box 34550
> Memphis, Tennessee 31884

on this <u>31st</u> day of March, 2008.

                                              ____/s/_____
                                              JOHN G. INTERRANTE
                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL C. ANTONELLI, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No. 07-1932 (CKK)<br>) |
| UNITED STATES<br>PAROLE COMMISSION, | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

Upon Consideration of Defendant's Fourth Motion for Extension of Time to Answer or Otherwise Respond to the Complaint and Third Motion for an Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that the defendant shall file an answer or otherwise respond to the complaint, and also file an opposition to Plaintiff's motion for partial summary judgment, by April 30, 2008.

It is **SO ORDERED** this _____ day of _____, 2008.

_____
Colleen Kollar-Kotelly
United States District Judge