UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,                :
                                     :
            Plaintiff,               :
v.                                   :         Civil Action No. 07-1932 (CKK)
                                     :
United States Parole Commission,     :
                                     :
            Defendant.               :

MEMORANDUM AND ORDER

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.§ 552, plaintiff, proceeding *pro se*, moves for partial summary judgment. He asserts that defendant "is in blatant, flagrant and gross violation of the statutory time limits of the FOIA," Pl.'s Mot. [Dkt. No. 12], apparently because it did not strictly comply with the FOIA's requirement to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i). In view of defendant's opposition and pending dispositive motion based on its disclosure of responsive records, and for the following reasons, the Court will deny plaintiff's motion for partial summary judgment.[1]

Summary judgment for the movant is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

---

[1] Pursuant to the Order of July 9, 2008, plaintiff currently has until August 12, 2008 to respond to defendant's motion to dismiss or for summary judgment.

summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted. [Moreover,] summary judgment will not lie if the dispute about a material fact is 'genuine', that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The FOIA is violated when an agency improperly withholds agency records.  *See* 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  Thus, once an agency discloses requested records, the fact that it failed to comply with the statutory response deadlines is no longer relevant.[2]  *See Perry v. Block*, 684 F.2d 121, 125  (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *accord Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("[B]ecause the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.") (citing *Perry*).  The only genuine issue this case presents is whether defendant, as it claims in the pending dispositive motion, has released all nonexempt information.  Accordingly, it is this 4th day of August 2008,

ORDERED that plaintiff's motion for partial summary judgment [Dkt. No. 12] is DENIED.

    _____s/s_____
    COLLEEN KOLLAR-KOTELLY
    United States District Judge

---

[2] An agency's timing is relevant for purposes of bringing a lawsuit under the FOIA's constructive exhaustion provision where a FOIA requester is "deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i).  Whether plaintiff exhausted administrative remedies is not at issue here, however.