UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,            )
                                 )
            Plaintiff,           )
                                 )
      v                          )  CASE No. 07-1932 (CKK)
                                 )
UNITED STATES PAROLE COMMISSION, )
                                 )
            Defendant.           )

RECEIVED
AUG 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGEMENT
AND
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR SUMMARY JUDGEMENT

   Plaintiff MICHAEL ANTONELLI replies to Defendant's opposition to his partial summary judgement and responds to Defendant's motion to dismiss and for summary judgement and files declarations in opposition to the declarations of Anissa Hunter, Ron Hill, David M. Hardy and Melanie Ann Pustsay, and replies to Defendant's response to his Statement of Material Facts not in Genuine Dispute. (Hereinafter "SMF"), all in support of his traverses.

   Defendant is not entitled to any judgement whatsoever.

Respectfully Submitted this 24th day of August, 2008.

By _____Michael Antonelli_____
MICHAEL C. ANTONELLI, Pro Se
No. 04053-164; Box 34550
Memphis, Tennessee  38134


CERTIFICATE OF SERVICE

   I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this reply/response to the USA @ 555 4th St., NW in Washington, D.C. 20530.

Executed this 24th day of August, 2008.

By _____Michael Antonelli_____
Michael Antonelli, Affiant

(28 USC Section 1746)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL C ANTONELLI,            )
                                )
          Plaintiff,            )
                                )
     v                          )   Case No. 07-1932 (CKK)
                                )
UNITED STATES PAROLE COMMISSION,)
                                )
          Defendant.            )

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Michael Antonelli only replies to certain numbered paragraphs of Defendant's Response as follows:

6. This is both fact and legal conclusions.
17. This statement is not contradicted. There are several requests. The statement applies to the August, 2007 request. That was the initial request of August 17, 2007. The other request was August 24, 2007.
24. This is a material fact. There are two requests. Defendant is confusing them.
29. I agree only to the extent that something was released. I still contest the withholdings within those releases.
30. Nothing is moot. I contest the withholdings within those releases. I further contest the failure of the USPC to process my last request asking for the records in connection with the USPC appeal process and decision.
31. This does affect the outcome.
32. This is a mixed fact and law statement.

Respectfully Submitted this 24th day of August, 2008.

By _____
MICHAEL ANTONELLI, Pro Se
No. 04053-164; Box 34550
Memphis, TN 38134

CERTIFICATE OF SERVICE

I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this Reply to the USA @ 555 4th St NW in Washington, D.C. 20530.

Executed this 24th day of August, 2008.

By _____
Michael Antonelli, Affiant

(28 USC Section 1746)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL ANTONELLI,            )
                              )
            Plaintiff,        )
                              )
       v                      )   CASE No. 07-1932 (CKK)
                              )
UNITED STATES PAROLE COMMISSION,)
                              )
            Defendant.        )

## DECLARATION IN OPPOSITION TO DAVID M. HARDY DECLARATION

I, MICHAEL C. ANTONELLI, declare as follows:

(1)   Plaintiff does not dispute the facts set forth in paragraph 1.
(2)   Plaintiff does not dispute the facts set forth in paragraph 2.
(3)   Plaintiff does not dispute the facts set forth in paragraph 3.
(4)   Plaintiff does not dispute the facts set forth in paragraph 4.
(5)   Plaintiff agrees this occured but does not agree the redactions or withholdings were proper.
(6)   Plaintiff agrees but does not agree that the justifications are proper or sufficient.

## OPPOSITION TO EXPLANATION

(7)   Plaintiff doubts the intent to process documents "to acheive maximum disclosure" and that "Every effort" was made to provide the plaintiff "all" material releaseable.
(8)   Plaintiff disagrees that no reasonable segregable non-exempt portions were withheld. These FBI 302's were once released to plaintiff in unexporgated form prior to trial in 97-CR-194-1 in Chicago by AUSA GEorge Jackson. This was part of discovery. This information in total has already been "leaked" to plaintiff via the criminal case in which he represented himself. (a 2 week jury trial and hung the jury for 2 days). All the material is not exempt. In matter of fact none of it is exempt.
(9)   I agree these exemptions were asserted, but it has been an effort in futility because this all has once been "leaked" to plaintiff in its entirety.
(10)  I agree this is their rational.
(11)  I agree.
(12)  I doubt these were processed for "maximum" disclosure.
(13)  I agree.
(14)  This may be true, but this all has once been disclosed to me through discovery and has been "leaked" so I once seen all of it.
(15)  The names of agents and support personnel have once been disclosed via discovery. No sense in blocking them out now, after the fact. Therefore, the claims of exemptions are now useless.
(16)  The names of the third parties also have once been "leaked" via criminal discovery. No sense is withholding them now.

-1-

(17)   Nothing is properly withheld.  I already know all of it and I have copies of it somewhere in boxes of paperwork at home.
(18)   The third parties merely mentioned also have already been divulged through discovery.  Withholding them now is not proper.
(19)   The local law enforcement personnel also have been leaked via criminal discovery and are no longer secret.  I went to a full-blown jury trial with all this and cross-examined each of them.  This is all now public record.
(20)   There is no harm anymore.  This all became public when I put these people on the witness stand in open court.
(21)   I once already received all this paperwork and have copies of it given to me by AUSA George Jackson and just cannot get to it from here in prison.  There is no reason to withhold it now.
(22)   I agree.
(23)   This information is not properly withheld because it once has been released in full to me and I simply have no access to it from a prison cell.
(24)   I have all this information already but need copies of it now. I cannot access my copies of this discovery from here.  Therefore, the assertions of exemptions must fail.
(25)   These third parties and the surrounding circumstances of their information provided is already fully known to me.  I need copies of those records I already have stored somewhere.
(26)   This information is not properly withheld.  It has already been part of the public record of the jury trial.
(27)   The third parties merely mentioned have also likewise been exposed and this stuff is not properly withheld.
(28)   The Oaklawn Police Officers all have been exposed via discovery and they were put on the witness stand by myself and the USA and cross-examined and examined fully.  This is all public record.
(29)   These people are no longer confidential.  I received these records once via discovery and all of it is known.  I agree with law stated though.
(30)   This has already been leaked to me.  I have these records stored at home.  No sense of withholding them now after the USA has already once given this all to me in unexporgated form.
(31)   I already have the records of this information given under implied assurance of confidentiality.  This assurance of confidentiality has already been breached when I received all this paperwork via discovery.  This withholding now is not proper.
(32)   I agree.
(33)   This does not apply here.  I knew all this information for years now and absolutely nothing has ever happened to anybody nor will there ever.  Quit watching gangster movies, will you.  This has already been leaked.  I have copies of it.  I just can't get to them at present and need extra copies of them for my personal use in putting together a final appeal.

## CONCLUSION

(34)   All these records must be released because they have already been released once to me in unexporgated form and all this information has become part of a public trial.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct as to the best of my current knowledge and beliefs.

Executed this 24th day of August, 2008.

By_____
MICHAEL ANTONELLI, Declarant
No. 04053-164; Box 34550
Federal Correctional Institution
Memphis, Tennessee
                38134

## CERTIFICATE OF SERVICE

I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this Declaration in Opposition to David M. Hardy Declaration, to USA at 555 4th St., NW in Washington, D. C.  20530.

Executed this 24th day of August, 2008.

By_____
Michael Antonelli, Affiant

(28 USC Section 1746)

-3-

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,        )
                             )
           Plaintiff,        )
                             )
     v                       )    CASE No. 07-1932 (CKK)
                             )
UNITED STATES PAROLE COMMISSION, )
                             )
           Defendant.        )

## DECLARATION IN OPPOSITION TO DECLARATION OF RON HILL

I, MICHAEL C. ANTONELLI, do hereby declare and state the following:

1. Plaintiff does not dispute the facts set forth in Paragraph 1.
2. Plaintiff does not dispute the facts set forth in Paragraph 2.
3. I agree that this occured.
4. I agree that the PSI was the remaining records but believe there were more than 529 in the first place. I believe the search for records was insufficient. I disagree with the BOP reasons for prohibiting one to have a copy of his own PSI. This prohibition denies inmates the ability to adequately prepare their appeals. This is a fact. Prison personnell do not allow access as they are purportedly supposed to. And, inmates who complain are retaliated against by prison staff.
5. I agree that this occured.

Pursuant to Title 28 U.S.C. Section 1746, I certify under a penalty of perjury that the foregoing is true and correst as to the best of my current knowledge and beliefs.

Executed this 24th day of August, 2008.

By _____
MICHAEL ANTONELLI, Declarant
No. 04053-164; Box 34550
Federal Correctional Institution
Memphis, Tennessee  38134

## CERTIFICATE OF SERVICE

I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this Opposition to Ron Hill's Declaration to the USA @ 555 4th St., NW in Washington, D. C.  20530.

Executed this 24th day of August, 2008.

By _____
Michael Antonelli, Affiant

(28 USC Section 1746)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,            )
                                 )
            Plaintiff,           )
                                 )
     v                           ) Case No. 07-1932 (CKK)
                                 )
UNITED STATES PAROLE COMMISSION, )
                                 )
            Defendant.           )

### DECLARATION IN OPPOSITION TO DECLARATION OF MELANIE ANN PUSTAY

I, Michael C. Antonelli, declare the following to be true and correct:

1) Plaintiff does not dispute the facts set forth in Paragraph 1.
2) Plaintiff does not dispute the facts set forth in Paragraph 2.
3) I agree this occured.
4) I agree.
5) I believe this could be true.
6) I believe this could be true, but their was another number assigned to me for a short period of time somewhere around 1988 that began with #89 and ended in the suffix of 024. I do not recall the entire number, but the BOP later changed my prison number back to 04053-164, the number initially given me in 1978. The only other thing I can think of is there is another Michael Antonelli in the system that has previously been confused with me. He has a separate and different middle name. I cannot recall it.
7) I agree.

I declare under penalty of perjury that the foregoing is true and correct as to the best of my current knowledge and beliefs.

Executed this 24TH day of August, 2008.

By _____
MICHAEL ANTONELLI, Declarant
No. 04053-164; Box 34550
Federal Correctional Institution
Memphis, Tennessee  38134

### CERTIFICATE OF SERVICE

I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this Declaration in Opposition to the Melanie Pustay Declaration to the USA @ 555 4th St., NW in Washington, D. C.  20530.

Executed this 24TH day of August, 2008.

By _____
Michael Antonelli, Affiant

(28 USC Section 1746)

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF COLUMBIA
```

MICHAEL C. ANTONELLI,            )
                                 )
              Plaintiff,         )
                                 )
      v                          )   CASE No. 07-1932 (CKK)
                                 )
UNITED STATES PAROLE COMMISSION, )
                                 )
              Defendant.         )

## DECLARATION IN OPPOSITION TO DECLARATION OF ANISSA N. HUNTER

I, MICHAEL C. ANTONELLI, declare as follows:

1.  Plaintiff does not dispute the facts set forth in Paragraph 1.
2.  I agree.
3.  I agree.
4.  I agree this may be true.
5.  I agree.
6.  I disagree that this is all that was found and demand strict proof thereof.
7.  I agree with everything in this paragraph except for the fact that I never received the November 16, 2006 letter stating the prehearing assessment had yet to be prepared.
8.  I agree this occured but disagree that that was all the records compiled since the last FOIA request release in 2002.
9.  I disagree. I never received the February 13, 2007 letters as far as I can recall or find evidence of.
10. I agree.
11. I agree.
12. I agree
13. I agree.
14. I agree.
15. I agree.
16. I agree but disagree that this was proper. This mistake delayed me in obtaining the necessary records I needed to appeal the decision of the Parole Commission. Not only that, I repeatedly filed grievances at Manchester accusing the Manchester staff of falsifying the records sent the Parole Commission, when it was the Commission's fault all along. This cost me money, cost me aggravation and cost me harassment by staff at Manchester. This was all due to the mistake by Anissa Hunter.
17. I challenge the statement regarding the tape only having my name on it. The examiner specifically ordered that I be paroled on October 11, 2007. This verbal statement was contradicted by his written report. Then, the Commission took that date and continued me to the expiration of my sentence. This verbal statement is important evidence that shows I am not a liar. Conveniently, now the Commission could only find my name on the tape ! (the tape later didn't even have that on it; it was blank). I suspect collusion in Anissa Hunter's having covered up for the examiners mistakes. This adds to the fatal improprieties of Anissa Hunter. These prejudiced me and still does.

-1-

18.   The Commission never received an appeal from Mccall but only because I never received the letter, but he did.
19.   I agree.
20.   I agree.
21.   I agree.
22.   I agree this has occured but disagree with the propriety of it all. For instance, the propriety of the 71 page notification and later it comes out there were 68 pages.
23.   Valona has no privacy right to not disclose information that has already been disclosed. Get serious. This was submitted by me in the firstplace. I disagree that the remaining information withheld is properly withheld and demand strict proof thereof. I do not agree that Nancy Antonelli's information should be deleted. I submitted this also.
24.   I content the fact that these tapes cannot be found or retrieved. The EOUSA at one time possessed the May 21, 1997 tape and all of a sudden now nobody can find it. Nancy Antonelli signed a written authorization to release it to me. The Commission never made any attempt to retrieve the tape from the EOUSA.
25.   I disagree that the portions of these records should be excised or withheld. I disagree that these records are not yet in my possession. This has taken way too long. I ask that these refered records be expedited.
26.   I disagree that this was a thorough enough of a search.
27.   I disagree that any PSI or attachments should be withheld from me ever because I will sign a release showing I don't care if every prisoner in the United States receives a copy of my paperwork. I have nothing to hide. I never once seen or heard of anyone asking for a PSI or anybody locked up in protective custody because of that. This is a facade concocted by the BOP. If it did happen, it happened on such a meager level that it would not affect the running of any institution. I have done 25 years in federal custody since 1978. This is a farce!
28.   I disagree with all these withholdings and demand strict proof thereof.
29.   I agree this occured.
30.   I disagree that that is all the tapes that are available. I heard those tapes, but the tape of NANCY ANTONELLI from May 21, 1997 was not sent to me. The EOUSA has it. I want it.
31.   I disagree that the erasure of the 2007 tape was unintentional. I believe this was done intentional.
32.   I agree this occured but disagree that that tape was not deliberately erased.
33.   I have not been provided with all records responsive to my FOIA requests. I intend to make another motion for summary judgement because the Commission has again procrastinated after I asked again for records solely in connection to my parole appeal decision. The Commission is deliberately stonewalling my requests and appeal again. Anissa Hunter is responsible for this. I disagree that the information withheld has been properly withheld. I believe the Commission is obstructing justice. I cannot now file my habeas corpus against the parole commission because they are still stalling the release of records to me that I need.

34. I declare under the penalty of perjury that the above statements in opposition are true and correct as to the best of my current knowledge and beliefs.

Executed this 24th day of August, 2008.

By _____
MICHAEL ANTONELLI, Declarant
No. 04053-164; Box 34550
Memphis, TN 38134

## CERTIFICATE OF SERVICE

I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this declaration in opposition to Anissa Hunter declaration to the USA @ 555 4th St., NW in Washington, D.C. 20530.

Executed this 24th day of August, 2008.

By _____
Michael Antonelli, Declarant

(28 USC Section 1746)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL ANTONELLI,             )
                               )
            Plaintiff,         )
                               )
      v                        ) Case No. 07-1932 (CKK)
                               )
UNITED STATES PAROLE COMMISSION,)
                               )
            Defendants.        )

<u>RESPONSE TO DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES</u>

Michael Antonelli has contested the purported reasonable searches, and disclosure of non-exempt records, and the propriety of withheld records. He has contested the withholdings in connection to the records withheld from records originating in the other agencies that referals were made to by USPC. This action should not be dismissed nor summary judgement granted for defendants, and plaintiff's motion for partial summary judgement granted.

### RESPONSE TO BACKGROUND

Plaintiff's opposition to all declarations and importunings of defendant is attached hereto.

### RESPONSE TO LEGAL STANDARD

Plaintiff agrees with all the standards cited.

### RESPONSE TO ARGUMENT

I.   <u>Adequacy of Search</u>

As statement throughout plaintiff's importunings attached the searches were not adequate.

1.   <u>Exemptions Asserted</u>

Plaintiff believes the USPC has not met their burden of showing the material withheld actually fits within the parameters of the exemptions claimed.

3.   <u>Exemptions Asserted by FBI</u>

The majority of the exemptions claimed are in connection to information that has once already been "leaked" to plaintiff by the AUSA George Jackson in 97-CR-194-1 through criminal discovery in unexporgated form. Therefore, the withholdings are improper.

4.   <u>Segregability</u>

Plaintiff believes all segregable portions have not been released to him. He asks for in-camera review.

### CONCLUSION

In consideration of all attached importunings of plaintiff, defendant's Motion to Dismiss and for Summary Judgement should be denied and Plaintiff's Motion for Partial Summary Judgement granted.

-1-

Respectfully Submitted this 24th day of August, 2008.

By_____
MICHAEL ANTONELLI, Pro Se
No. 04053-164; Box 34550
Memphis, TN 38134

## CERTIFICATE OF SERVICE

I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this Response to Defendant's Memorandum to the USA @ 555 4th St NW in Washington, D. C. 20530.

Executed this 24th day of August, 2008.

By_____
(28 USC Section 1746)          Michael Antonelli, Affiant

-2-