UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,                    :
                                         :
           Plaintiff,                    :
     v.                                  :          Civil Action No. 07-1932 (CKK)
                                         :
United States Parole Commission,         :
                                         :
           Defendant.                    :

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.§ 552,

plaintiff, proceeding *pro se*, challenges the United States Parole Commission's response to his

request for records.  On November 17, 2008, defendant moved to dismiss or for summary

judgment in part and for a stay of the proceedings in part to complete its processing of plaintiff's

request submitted during the course of this litigation on March 21, 2008.  In a supplemental filing

on March 30, 2009, defendant, having processed the latter request, effectively withdrew the

motion to stay on the ground that it is moot.  *See* Notice of Filing of Supplemental Exhibits To

Defendant's Renewed Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.'s

Suppl.") [Dkt. No. 52] at 1.  Thus, upon consideration of defendant's dispositive motion,

plaintiff's opposition and the entire record, the Court will grant defendant's motion for summary

judgment.

I.  BACKGROUND

By letter of August 17, 2006, plaintiff requested Parole Commission records "that are in

any way connected to my name [,including] all parole hearing tapes, confidential witness tapes,

all appeals and all National Appeals records."  Def.'s Reply to Plaintiff's Opposition to (1)

Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment and (2) Motion for

a Stay of Judicial Proceedings to Complete Plaintiff's March 21, 2008 FOIA Request,

Declaration of Anissa N. Hunter ("Hunter Decl.") [Dkt. No. 49-2], Ex. 1.  Plaintiff requested all

records generated since his "initial incarceration" in September 1978, including those defendant

previously disclosed to him.  *Id*.  By letter of August 24, 2006, plaintiff requested a copy of his

"parole revocation packet and/or parole mini file, in connection to the upcoming parole violator

warrant/hearing[.]"  *Id.*, Ex. 2.  By letter of December 5, 2006, defendant released 122 pages of

documents generated since its last disclosure to plaintiff on May 6, 2002.  It redacted material

from a police report under FOIA exemptions 6 and 7(C), 5 U.S.C. § 552(b).  *Id.*, Ex. 6.

Defendant informed plaintiff that the release did not include copies of previously disclosed

documents, documents the Bureau of Prisons ("BOP") prohibits inmates from possessing or

documents duplicative of those contained in plaintiff's BOP file, the latter two categories of

which were accessible via request to BOP.  *Id*.  Plaintiff unsuccessfully appealed to the Chair of

the Parole Commission.  *Id.*, Exs. 7, 8.  By letter of February 13, 2007, defendant informed

plaintiff that it had referred 14 pages of BOP documents to that component for processing and a

direct response.  *Id.*, Ex. 10.

In what defendant treated as a new FOIA request, plaintiff sought substantially the same

aforementioned records on a form captioned "FOIA Appeal," dated February 17, 2007.  *Id.*, Ex.

11.  By letter of March 13, 2007, plaintiff's parole representative, Cecil C. McCall, also

requested those records and provided plaintiff's Privacy Act waiver.  *Id.*, Ex. 15.  In each

instance, defendant acknowledged the request and advised of a possible delay because of a

backlog.  *Id.*, Exs. 12, 16.  By letter of March 11, 2007, plaintiff sought expedited processing of

his request based on his upcoming parole revocation hearing on April 26, 2007, and committed

to paying "the fees incurred." *Id*., Ex. 14.  In response to defendant's response to McCall,

plaintiff, by letter of March 29, 2007, agreed "to pay a fee more than $25.00 for processing my

FOIA request," and reiterated his request to expedite. *Id*., Ex. 18.  By letter of April 23, 2007,

defendant assessed plaintiff "a deposit of $250," which plaintiff paid by letter of May 8, 2007.

*Id*., Ex. 20.  By letter of May 16, 2007, defendant acknowledged plaintiff's payment but denied

his request to expedite processing.  *Id*., Ex. 21.

By letter of December 20, 2007, defendant released to plaintiff 2,712 pages of material

responsive to his February 17, 2007 request.  It withheld a two-page letter dated March 1, 1979,

under FOIA exemption 6 and redacted information from 12 documents under FOIA exemptions

6 and 7(C).  In addition, defendant informed plaintiff that it had referred other material to the

Executive Office for United States Attorneys, the Federal Bureau of Investigation, the Bureau of

Prisons, the United States Marshals Service, the Office of Information and Privacy and the Court

Services and Offender Supervision Agency of the District of Columbia ("CSOSA") for

processing and a direct response.[1]  *Id*., Ex. 38.  Plaintiff appealed and, by letter of February 8,

2008, was awarded partial relief including the release in full of 68 pages that had been referred to

CSOSA and the previously withheld two-page letter dated March 1, 1979.  *Id*. ¶ 22 & Ex. 41.

The Chairman also informed plaintiff that the Commission would search for parole hearing tapes

but cautioned that "[s]ome tapes may no longer be retrievable because of the passage of time and

the routine destruction of archived records."  Ex. 41 at 2.  By letter of March 28, 2008, defendant

---

[1] Although defendant has properly followed up on the referrals, *see* Hunter Decl. ¶¶25,
27-29, plaintiff has not challenged the referrals or named any of the aforementioned components
as defendants to this action.  The Court therefore will not address the referred records, which are
likely the subject of plaintiff's other FOIA cases either pending or previously resolved by this
Court.

released a redacted e-mail message and copies of audiotapes of hearings held on September 2, 1993 and December 13, 1994. *Id.*, Ex. 58. On appeal, the Chairman affirmed the redaction of material from the e-mail message under FOIA exemptions 2, 6 and 7(C) and released a copy of the audiotape of a hearing held on May 21, 2007, which "contain[ed] no recording of any voice." *Id.*, Ex. 63. Defendant released the audiotape of a hearing held on May 21, 1997, by letter of April 3, 2008. Ex. 60.

By letter of July 13, 2007, plaintiff requested records pertaining to his parole revocation hearing on May 21, 2007, and the notice of action dated June 12, 2007. *Id.*, Ex. 22. Plaintiff's parole representative McCall updated his request to include the same records. *Id.*, Ex. 26. By letter of November 5, 2007, defendant released to McCall per plaintiff's instruction (Ex. 28) 18 unredacted pages of material and advised about appealing the decision to the Chair of the Parole Commission. *Id.* ¶ 15 & Ex. 31.

By letter of March 21, 2008, plaintiff requested "a copy of all records used by the National Appeals Board in deciding to affirm the previous decision as shown in the Notice of Action dated March 19, 2008." 2nd Declaration of Anissa N. Hunter [Dkt. No. 44-3], Ex. 68. By letter of February 5, 2009, defendant released in full "documents pertaining to the National Appeals Board's decision dated March 19, 2008." Def.'s Suppl., Ex. 74. In response to plaintiff's administrative appeal based on the omission of "any records that Attorney Andrea Gambino submitted on my behalf[,]" Ex. 75, the Chairman stated that plaintiff's file contained no "documents from Andrea Gambino from January 1, 2006 to present." *Id.*, Ex. 76.

## II.  LEGAL STANDARD

Summary judgment is appropriate upon a showing that there is "no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The FOIA requires a federal agency to release all records responsive to a properly

submitted request except those protected from disclosure by one or more of nine enumerated

exemptions. *See* 5 U.S.C. § 552(b). The agency's disclosure obligations are triggered by its

receipt of a request that "reasonably describes [the requested] records" and "is made in

accordance with published rules stating the time, place, fees (if any), and procedures to be

followed." 5 U.S.C. § 552(a)(3)(A). The FOIA authorizes the court only "to enjoin [a federal]

agency from withholding agency records or to order the production of any agency records

improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, the elements of a

FOIA claim are (1) improperly  (2) withheld (3) agency records. "Judicial authority to devise

remedies and enjoin agencies can only be invoked under the jurisdictional grant conferred by [5

U.S.C.] § 552 [(a)(4)(B)], if the agency has contravened all three components of this obligation."

*Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980).

In a FOIA case, the Court may award summary judgment to an agency solely on the

information provided in affidavits or declarations when they describe "the justifications for

nondisclosure with reasonably specific detail, demonstrate that the information withheld logically

falls within the claimed exemption, and are not controverted by either contrary evidence in the

record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738

(D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*,

415 U.S. 977 (1974).  Such affidavits are "accord[ed] substantial weight."  5 U.S.C. § 552(a)

(4)(B).  In opposing a summary judgment motion, plaintiff may not "replace conclusory

allegations of the complaint or answer with conclusory allegations of an affidavit,"

*Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990), but rather must "set forth

specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248.

## III.  DISCUSSION

Plaintiff challenges defendant's search only to the extent that it failed to locate "the

parole Hearing Tape of May 1997 in which Nancy Antonelli was recorded as an adverse witness

to plaintiff at that time."  Plaintiff's Response to Defendant's Renewed Motion to Dismiss, or in

the Alternative for Summary Judgment; and Opposition to Motion for a Stay ("Pl.'s Opp'n")

[Dkt. No. 46] at 2.  In addition, plaintiff "generically requests an in-camera inspection of the

records to rule whether the material withheld actually fits within the parameters of the

exemptions claimed."[2]  *Id*. at 1.

### 1.  Plaintiff's Request for an In Camera Review

An *in camera* inspection is unnecessary when, as here, "a district court finds that a law

enforcement agency's affidavits sufficiently describe the documents and set forth proper reasons

for invoking an exemption[.]"  *Juarez v. Dep't of Justice*, 518 F.3d 54, 60 (D.C. Cir. 2008); *see*

1st Hunter Decl. ¶ 23 & Ex. 38.  Plaintiff has provided no factual basis for questioning the

---

[2]  Plaintiff also complains about having to pay twice for a parole manual that he received and defendant's delay in releasing the records pertaining to the National Appeals Board's March 2008 decision.  Such facts, even if true, are not material to a FOIA claim.  *See Perry v. Block*, 684 F.2d 121, 125  (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *accord Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("[B]ecause the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.") (citing *Perry*).

agency's declarations, which are otherwise accorded "a presumption of good faith[.]" *Long v. U.S. Dep't of Justice*, 450 F. Supp.2d 42, 54 (D.D.C. 2006) (citation and quotation omitted); *see Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981) (plaintiff "must point to evidence sufficient to put the Agency's good faith into doubt"). The Court therefore declines plaintiff's invitation to review the records *in camera*.

   2. Defendant's Search for Responsive Records

   An agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc. v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1998) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted). When an agency's search for records is challenged, "the agency must show beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't. of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." *Id*. (citations and quotation marks omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); accord *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). "[T]he fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007) (citations omitted). This is because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the

appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

Hunter describes a reasonable search targeted specifically at plaintiff's parole hearing tapes, 1st Hunter Decl. ¶¶ 24, 26, 30, 31, which, in fact, located a tape of a hearing held on May 21, 1997, that was eventually released to plaintiff, *id*., Ex. 60.  Plaintiff baldly suggests that the released tape is not responsive to his request because it does not contain the testimony of Nancy Antonelli, whom he claims was "recorded as an adverse witness to plaintiff at that time."  Pl.'s Opp'n at 2.  Plaintiff also asserts that the requested tape "was supposedly loaned to the EOUSA or FBI and not yet returned to the Defendant."  *Id*.  Plaintiff's speculation about the location of the tape does not advance his claim against the Parole Commission because an agency component is obligated to produce only those records in its custody and control at the time of the FOIA request.  *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).  Thus, in the absence of any evidence that EOUSA or the FBI referred the alleged missing tape to defendant, the Court finds no triable issue on the Parole Commission's search for responsive records.

3. Record Segregability

Although plaintiff has not contested defendant's specific withholdings, the Court finds that defendant properly documented its bases for withholding portions of information from 27 released pages under the FOIA's personal privacy provision set forth at exemption 7(C).  *See* Hunter Decl. ¶ 23.  Furthermore, the Court is satisfied from Hunter's description of the withheld information and her assurance that "[e]ach document was individually reviewed for segregability of non-exempt information" that defendant released "all reasonably segregable information."  *Id*. ¶ 33.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that no genuine issue of material fact exists with regard to defendant's response to plaintiff's FOIA requests and concludes that defendant, having satisfied its disclosure obligations, is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.


_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE: May 29, 2009                    United States District Judge